IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAROL L. PIZZUTO,

        Plaintiff,

v.                                Civil Action No. 5:10CV17
                                               (STAMP)

REBECCA RANDOLPH, RICHARD LUCAS,
MAIN STREET FINANCIAL SERVICES CORP.,
WILLIAM CRISWELL, KEVIN GESSLER,
SHAWN R. TURAK, THE HONORABLE SCOTT R. SMITH,
CITY OF WHEELING, WEST VIRGINIA,
and JOHN DOE I,

        Defendants.


**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND HER COMPLAINT;**
**DENYING PLAINTIFF'S MOTION FOR REMAND AND FOR SANCTIONS;**
**GRANTING DEFENDANT SCOTT R. SMITH'S MOTION TO DISMISS;**
**GRANTING DEFENDANTS REBECCA RANDOLPH, RICHARD LUCAS AND**
**MAIN STREET FINANCIAL SERVICES CORP.'S MOTION TO DISMISS;**
**GRANTING DEFENDANTS WILLIAM CRISWELL, KEVIN GESSLER, AND**
**CITY OF WHEELING, WEST VIRGINIA'S MOTION TO DISMISS;**
**DISMISSING WITHOUT PREJUDICE DEFENDANT SHAWN R. TURAK;**
**AND DISMISSING WITHOUT PREJUDICE DEFENDANT JOHN DOE I**


I.  Procedural History

    The plaintiff, Carol L. Pizzuto, appearing pro se,[1] filed a

complaint against the defendants, Rebecca Randolph ("Randolph"),

Richard Lucas ("Lucas"), Main Street Financial Services Corp.,

William Criswell ("Criswell"), Kevin Gessler ("Gessler"), Shawn R.

Turak ("Turak")[2], Scott R. Smith ("Smith"), City of Wheeling, West

---

    [1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer. Black's Law
Dictionary 1341 (9th ed. 2009).

    [2]Federal Rule of Civil Procedure 4(m)requires dismissal
without prejudice if the "defendant is not served within 120 days

Virginia, and John Doe I,[3] in the Circuit Court of Ohio County, West Virginia alleging various causes of action. The defendants filed three separate motions to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Defendant Smith filed his motion to dismiss on February 15, 2010. Defendants Randolph, Lucas, and Main Street Financial Services Corp. filed their motion to dismiss on February 16, 2010. Defendants Criswell, Gessler, and the City of Wheeling filed their motion to dismiss on March 17, 2010. The plaintiff filed a response to these motions, to which the defendants filed replies. On March 12, 2010, the plaintiff filed a motion for leave to amend her complaint. On that same day, the plaintiff filed a motion to remand the civil action to state court. For the reasons stated below, this Court finds that the plaintiff's motion for leave to amend must be denied, the

---

after a complaint is filed." In cases removed from state court, the plaintiff has 120 days after the date of removal to complete service. Schwarzer, Tashima, & Wagstaffe, Federal Civil Procedure Before Trial 5:264 (The Rutter Group 2008). This case was removed on February 8, 2010. Accordingly, the 120-day deadline for proof of service has expired. This Court has not received proof of service nor a statement showing good cause for failure to serve process within the 120-day period. Therefore, it is ORDERED that defendant Shawn R. Turak be DISMISSED WITHOUT PREJUDICE as a defendant in this action.

[3]The plaintiff has not moved to amend her complaint to identify John Doe I. Because the plaintiff has not yet named this party in an amended complaint or served this unnamed defendant with a summons within 120 days or moved this Court to extend the period in which to name the defendant, it is ORDERED that defendant John Doe I be DISMISSED WITHOUT PREJUDICE as a defendant in this action.

plaintiff's motion for remand must be denied, and the defendants' motions to dismiss must be granted.

## II. Facts[4]

Pizzuto states in her complaint that her son was abducted from his house twice. She states she learned her son was stripped of his clothes, needled, and degraded. She alleges that no one read him his <u>Miranda</u> rights and that he was held without charge for weeks based on the false information supplied by defendants Turak and Smith without being questioned by defendants Criswell or Gessler. Pizzuto claims this caused her great harm. She states that her son was labeled a fugitive from justice by Smith and Turak, which permitted two newspapers to falsely report that her son was running a Meth Lab. The plaintiff states that she lived in continued danger from guns and other future dangers if she did not pay back on time a ransom for her son's release. She claims to have been trapped under great stress because of the pressure to raise money as a direct result of the defendants. She claims her son was again taken from the home in April 2008. She states her son was put into criminal lock-down, was forced to take mind-altering medications at state facilities in Weston, West Virginia and was left to waste away in prison like conditions to keep him from testifying to the truth.

---

[4]For purposes of deciding this motion, the facts are based upon the allegations contained in the complaint.

Count I claims that the defendants' acts or omissions breached the duty of care owed to Pizzuto by conspiring to defame in public reports the plaintiff and her family name. Count II alleges that the defendants' acts or omissions breached the duty of care owed to her by conspiring to, and adulterating truth in phone calls and police interviews. Count III alleges that the defendants breached the duty of care owed to the plaintiff by conspiring to, and adulterating the system of justice owed to her. Count IV alleges that the defendants failed to exercise reasonable care to employ competent and careful employees that could protect her from fraud and misuse of the truth. Count V alleges that the defendants failed to exercise reasonable care to supervise competent and careful employees that could protect the plaintiff. Count VI alleges that the defendants failed to exercise reasonable care to supervise competent and careful employees that could protect her from fraud and misuse of the truth. Count VII alleges that the defendants have failed to exercise reasonable care to employ competent and careful employees that could protect the plaintiff. Count VIII alleges that the defendants have produced false psychological reports about her. Count IX alleges that the defendants have failed to exercise reasonable care in observance of employees and drafts presented by the plaintiff that could accurately reflect upon the plaintiff's credit. In addition, the plaintiff generally claims negligent infliction of emotional

distress, violations of 42 U.S.C. § 1983, 15 U.S.C. § 1001, and 18 U.S.C. § 1001.

Pizzuto states that her son was her pride and joy and that the defendants destroyed her dream. She states that the defendants destroyed her tranquil life and career and have made it a living hell. She contends that the defendants' actions transferred her world with a successful career with millionaire investments to a "desolate attempt to save her only son." She states that she has suffered and continues to suffer financial and economic harm and distress and has been deprived of the quiet enjoyment of her son's life, health and property. She has felt trapped and isolated. She states that during her son's abduction and incarceration, several of her animals died due to lack of essential medical care and monitoring. She states that she was her brother-in-law's sole care giver and that he was left to himself. She states that her brother-in-law suffers from epilepsy and that the acts of the defendants put him in a sever and grave risk of seizures and death. Pizzuto claims that the defendants caused her stress to the point of ill health and collapse and she has not been able to afford her essential medications, and that she will require future medical care. She states that she has lost character, reputation and business reputation by the defamation and unfair practices of the defendants.

III.  <u>Applicable Law</u>

A.  <u>Motion for Leave to Amend Complaint</u>

Rule 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."  If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment."  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>see also</u> <u>Ward Elec. Serv. v. First Commercial Bank</u>, 819 F.2d 496, 497 (4th Cir. 1987); <u>Gladhill v. Gen. Motors Corp.</u>, 743 F.2d 1049, 1052 (4th Cir. 1984).

B.  <u>Motion to Remand</u>

When a defendant seeks to remove a case from state court to a federal district court, the federal court must be able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  A federal district court has original jurisdiction over cases arising

under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. While the removal statute does not explicitly require all defendants to join in the removal, it is well established that in a multi-defendant case, effective removal requires that all defendants consent to removal. See Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1237 (N.D. W. Va. 1993). See Chicago, R.I. & P.R. Co. v. Martin, 178 U.S. 245 (1900)) and Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Local 349, 427 F.2d 325, 326-327 (5th Cir. 1970)). The "'rule of unanimity,' as it is now known, does not require that all of the defendants sign the notice of removal; however, it does require that each defendant officially and unambiguously consent to a removal petition filed by another defendant within 30 days of receiving the complaint." Martin Oil Co., 827 F. Supp. at 1237. "Formal or nominal parties do not have to join in the removal;" and thus, are not subject to the rule of unanimity. Means v. G&C Towing, Inc., 623 F. Supp. 1244, 1245 (S.D. W. Va. 1986).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary. Id.

C.    <u>Motion to Dismiss</u>

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true.    <u>Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc</u>, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes."    <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)).    This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments."    <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case.    5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998).    The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Rule 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact.    <u>Id.</u>    For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is

directed to whether the allegations constitute a statement of a claim under Rule 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief about the speculative level." Twombly, 550 U.S. at 555.

This Court has carefully reviewed the plaintiff's motions and her responses to the defendants' motions, and because the plaintiff is pro se, this Court has liberally construed the plaintiff's pleadings throughout this entire case. See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers).

## IV. Discussion

### A. Motion for Leave to Amend Complaint

The plaintiff seeks leave to amend her complaint to remove the federal questions from the complaint. She believes that this will

clarify the dispute and will not cause undue prejudice to the defendants.

It is well settled that a plaintiff may not force remand of an action to state court after removal by amending the complaint to destroy federal subject matter jurisdiction. See Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939) ("[T]he right to remove . . . was to be determined according to the plaintiffs' pleading at the time of the petition for removal."); Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484 (10th Cir. 1991) ("[T]he propriety of removal is judged on the complaint as it stands at the time of removal."). Because the sole purpose of the proposed amended complaint is to remove the federal causes of action, this Court will look to the substance of the proposed amended complaint in viewing the plaintiff's motion for leave to amend her complaint.

After a review of the record, this Court concludes that the plaintiff's motion must be denied. The plaintiff's motion for leave to amend is futile. Even if this Court granted the plaintiff's motion, the plaintiff cannot succeed on her remaining claims. See Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 777 n.10 (11th Cir. 2000) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (quoting Jefferson County School Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999)). The proposed amended complaint does not provide a further explanation of her claims and does not

include any new or different claims that would improve her claimed causes of action. Accordingly, the plaintiff's motion for leave to file an amended complaint is denied.

B.    Motion to Remand

The plaintiff argues that she did not allege any federal claims. This Court cannot agree. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the plaintiff asserts claims under 42 U.S.C. § 1983, 18 U.S.C. § 1001, and 15 U.S.C. § 1001 in paragraphs 134 and 135 of her complaint.

The plaintiff also contends that because the defendants did not all consent to removal, this Court must remand this civil action to the state court. Defendants Criswell, Gessler, and the City of Wheeling agreed that the defendants committed a procedural error in this civil action because not all of the defendants joined in the removal until after the plaintiff filed her motion to remand. Defendant Smith and defendants Lucas, Randolph and Main Street Financial Services Corp. filed responses arguing that the defendants did not make any procedural errors. Defendant Smith states that all the defendants consented to removal and that this can be seen by each defendant filing a motion to dismiss. Defendants Lucas, Randolph, and Main Street Financial Services Corp. argue that the omission of consent to removal was a clerical oversight and attach affidavits that each defendant, by and through

their counsel, consented to the removal prior to the notice of removal being filed.

As stated above, it is well settled law that all defendants must consent to removal. This Court does not agree with the defendants who contend that the defendants committed no procedural error. The rule of unanimity requires that each defendant must "officially and unambiguously consent to a removal petition filed by another defendant within 30 days of receiving the complaint." Martin Oil Co., 827 F. Supp. at 1237. That did not happen here. There was no "timely filed written indication from each served defendant" that he or she consented to the notice of removal.

However, the plaintiff did not make a timely challenge to this procedural defect. A plaintiff must file a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction" within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). In this case, defendants Lucas, Randolph, and Main Street Financial Services Corp. filed the notice of removal on February 8, 2010. The plaintiff filed her motion to remand on March 12, 2010, thirty-two days after the defendants filed the notice of removal. The plaintiff contends that she did not know of the notice of removal until she "happened upon it" on February 25, 2010. This Court notes that the plaintiff's statement that she was unaware of the notice of removal until February 25, 2010 cannot be true as the plaintiff appealed this Court's First

Order and Notice on February 18, 2010 to the Fourth Circuit Court of Appeals. Accordingly, because the procedural challenge to the notice of removal was untimely filed and because this Court retains subject matter jurisdiction pursuant to 28 U.S.C. § 1331, this Court must deny the plaintiff's motion to remand.

C. <u>Motions to Dismiss</u>

Count I of the plaintiff's complaint alleges defamation against all of the defendants. This count is barred by the West Virginia statute of limitations for defamation. The plaintiff alleges that the defendants conspired to defame her on April 24, 2008. A claim for defamation in West Virginia is subject to a one-year statute of limitations. W. Va. Code § 55-2-12(c). The plaintiff filed her complaint on January 14, 2010. Further, even if this Court were to decide Count I on the merits, the plaintiff failed to allege any actual facts in her complaint showing defamatory statements. Accordingly, Count I of the plaintiff's complaint is dismissed.

Count II alleges negligence against the defendants for adulterating reports, police interviews, and the truth in phone calls. The plaintiff does not state in her complaint what phone calls, reports, or interviews were adulterated. Even if this Court overlooked the lack of specificity of facts as to this count, the plaintiff's second count is governed by the two-year "catch-all"

statute of limitations found in West Virginia Code § 55-2-12.[5]  See Alpine Property Owners Assoc. Inc. v. Mountaintop Development Co., 365 S.E.2d 57, 66 (W. Va. 1987).  The plaintiff states that the cause of action began on November 14, 2007, more than two years before she filed her complaint.  In West Virginia, "claims in tort for negligence . . . are governed by a two-year statute of limitation."  Trafalgar House Const., Inc. v. ZMM, Inc., 567 S.E.2d 294, 299 (W. Va. 2002).  Accordingly, Count II of the plaintiff's complaint is dismissed.

Count III alleges that the defendants adulterated the system of justice on November 14, 2007, January 2, 2008, and April 15, 2008.  The two alleged abductions of the plaintiff's adult son occurred on November 14, 2007 and April 15, 2008.  The plaintiff does not state in her complaint what set of facts transpired on January 2, 2008.  Similar to Count II above, the state statute of limitations ran for the alleged incidents on November 14, 2007 and

---

[5]West Virginia Code § 55-2-12 provides:

Every personal action for which no limitation is otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

W. Va. Code § 55-2-12.

January 2, 2008 before the filing of the plaintiff's complaint. Therefore, this Court addresses the alleged April 15, 2008 incident. This Court cannot allow Count III of the complaint to proceed. First, Rule 17(a)(1) states that "[a]n action must be prosecuted in the name of the real party in interest." In order for a plaintiff to have standing to sue: (1) she must "have suffered an 'injury in fact'--an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent and not conjectural or hypothetical;" (2) "there must be a causal connection between the injury and the conduct forming the basis of the lawsuit;" and (3) "it must be likely that the injury will be redressed through a favorable decision of the court." Syl. pt. 2, State v. Brandon B., 624 S.E.2d 761 (W. Va. 2005). Here, the plaintiff cannot establish standing to sue. Count III alleges adulteration of the system of justice. The plaintiff's son is the alleged victim of any alleged misconduct, not the plaintiff. Because the plaintiff's son is an adult and the plaintiff is not contending to sue in a representative capacity, the plaintiff has no standing to sue. Further, the plaintiff has not shown any causal connection between an injury and the alleged misconduct. The plaintiff states in her complaint that she is a professional equestrian racing specialist and a social developer and that her career has been destroyed by the defendants' actions. The plaintiff has failed to plead facts to support her allegation that

the defendants' actions destroyed the plaintiff's career in horse racing. It is clear that the plaintiff has not suffered a concrete and particular injury to a legally protected interest.

Moreover, the plaintiff's complaint fails to state how or even if any of the defendants were involved in any alleged abduction of her son. Even with a very liberal reading of the complaint, this Court cannot find that the plaintiff has sufficiently pled a cause of action in Count III. Accordingly, Count III of the plaintiff's complaint must be dismissed.

Counts IV, V, VI, and VII of the plaintiff's complaint involve negligence in supervision and employment. Again, the two-year statute of limitations has passed. Even if the statute of limitations did not bar these counts, the plaintiff lacks standing to bring these claims as she can show no injury and she is not suing in a representative capacity for her son. Accordingly, Counts IV, V, VI, and VII of the plaintiff's complaint are dismissed.

Count VIII of the plaintiff's complaint alleges that the defendants produced false psychological reports about the plaintiff. This Court has liberally construed the plaintiff's pleading, but still finds that the plaintiff has failed to state a claim upon which relief can be granted. The plaintiff does not produce the reports and does not even mention the alleged reports

in the complaint other than the conclusory statement in Count VIII. Accordingly, Count VIII must be dismissed.

In Count IX, the plaintiff alleges that the defendants were negligent in failing to "exercise reasonable care in observance of employees and drafts presented by Plaintiff that could accurately reflect upon Plaintiff [sic] credit." The plaintiff does not present any facts to state a claim upon which relief can be granted for this count. The plaintiff's complaint does mention "a minor discrepancy over a simple check." The discrepancy with the check, however, involved the plaintiff's son, not the plaintiff. Accordingly, Count IX is dismissed.

The plaintiff additionally sues under 42 U.S.C. § 1983. The plaintiff does not state who she believes is responsible for the second alleged abduction in the complaint. This Court will address the claim with respect to all served defendants. While 42 U.S.C. § 1983 does not contain an explicit statute of limitations, the United States Code provides that state law shall apply where federal law does not provide a statute of limitations. 42 U.S.C. § 1988. All 42 U.S.C. § 1983 claims are treated as tort claims for the recovery of personal injuries. <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007). Therefore, the statute of limitations is two years pursuant to the West Virginia "catch-all" statute of limitations. W. Va. Code § 55-2-12. As discussed above, the only claim of the

plaintiff's complaint to survive the statute of limitations is the alleged abduction of her son on April 15, 2008.

Defendant Smith is immune from a suit brought pursuant to 42 U.S.C. § 1983. It is well-settled law that "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the proper scope of his prosecutorial duties." <u>Imbler v. Pachtman</u>, 424 U.S. 409, 420 (1976); <u>Ostrzenski v. Seigel</u>, 177 F.3d 245, 249 (4th Cir. 1999). A prosecutor is acting within the proper scope of his prosecutorial duties "in initiating a prosecution and in presenting the State's case." <u>Imbler</u> at 431. When a prosecutor performs the functions of an administrator or investigative officer, however, the cloak of absolute immunity no longer exists, and the prosecutor is only entitled to qualified immunity. <u>Ehrlich v. Giuliani</u>, 910 F.2d 1220, 1222 (4th Cir. 1990); <u>see also</u> <u>Imbler</u>, 424 U.S. at 430-31 (stating that it had "no occasion to consider whether like or similar reasons require immunity for those aspects of the prosecutor's responsibility that cast him in the role of administrator or investigative officer rather than advocate"). Therefore, determining whether a prosecutor is entitled to absolute immunity is based upon "the nature of the function performed, not the identity of the actor who performed it." <u>Forrester v. White</u>, 484 U.S. 219, 229 (1988).

In this case, defendant Smith presented the state's case to a grand jury in Ohio County, West Virginia. In <u>Lyles v. Sparks</u>, 79

F.3d 372, 377 (4th Cir. 1996), the United States Court of Appeals for the Fourth Circuit found that absolute immunity extends to the presentation of the government's case before the grand jury. The plaintiff alleges, with respect to the first alleged abduction, that her son was held because defendant Smith provided false information. This Court finds that because defendant Smith was acting in his prosecutorial role, he is entitled to absolute immunity on the plaintiff's 42 U.S.C. § 1983 claim.

The plaintiff does not provide any facts to state how, or if, defendants Criswell, Gessler, and the City of Wheeling were involved in the second alleged abduction of her son. The plaintiff cannot maintain a 42 U.S.C. § 1983 claim as to these defendants because she provides no facts alleging their involvement in the alleged misconduct.

Defendants Randolph, Lucas, and Main Street Financial Services Corp. are private parties. A private party who conspires with a state actor to violate a person's civil or constitutional rights may, under very limited circumstances, be subject to liability under § 1983. Hassami v. Corporation of Ranson, 170 F. Supp. 2d 626, 634 (N.D. W. Va. 2001). "[T]o sustain such a claim, the plaintiff must allege facts showing an agreement or meeting of the minds between the state actor and the private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right." Id. The plaintiff has the burden of demonstrating that: "(1) a

state official and private individual reached an understanding to deprive the plaintiff of his constitutional rights, and (2) the individual was a willful participant in joint activity with the State or its agents." Id. Even where state actors are immune from suit under qualified immunity, private actors who conspire with state actors to deprive an individual of his or her civil or constitutional rights are not derivatively entitled to the protections of qualified immunity. Dennis v. Sparks, 449 U.S. 24 (1980). However, a private party who merely invokes state legal procedures does not create or become part of a conspiracy with state officials under § 1983. Hessami, 170 F. Supp. 2d at 634. Thus, a private actor does not take joint action under color of state law and thereby become liable under § 1983 merely by furnishing information to police officers who then act upon that information. See id. See also Lee v. Town of Estes Park, 820 F.2d 1112, 1115 (10th Cir. 1987); Cruz v. Donnelly, 727 F.2d 79 (3d Cir. 1984).

The plaintiff cannot show that there was an agreement or a meeting of the minds between Randolph, Lucas, or Main Street Financial Services Corp. and a state actor to engage in a conspiracy to violate the plaintiff's constitutional rights. The plaintiff has not provided any facts to support this claim. Accordingly, the plaintiff's 42 U.S.C. § 1983 claims are dismissed.

The plaintiff further generally alleges that the defendants are liable for negligent infliction of emotional distress. In West Virginia,

> [a] plaintiff's right to recover for the negligent infliction of emotional distress, after witnessing a person closely related to the plaintiff suffer critical injury or death as a result of defendant's negligent conduct, is premised upon the traditional negligence of foreseeability . . . . In determining whether the serious emotional injury suffered by a plaintiff in a negligent infliction of emotional distress action was reasonably forseeable to the defendant, the following factors must be evaluated: (1) whether the plaintiff was closely related to the injury victim; (2) whether the plaintiff was located at the scene of the accident and is aware that it is causing injury to the victim; (3) whether the victim is critically injured or killed; and (4) whether the plaintiff suffers <u>serious</u> emotional distress.

Syl. pt. 2, <u>Heldreth v. Marrs</u>, 425 S.E.2d 157 (W. Va. 1992). The plaintiff fails to make out a prima facie case for negligent infliction of emotional distress. The plaintiff does not allege that she witnessed her son being abducted. She states in her complaint that she was "[k]ept away in Florida." Further, she states three weeks had passed before she learned of the alleged events while her son was "held 'without charge.'" Finally, the plaintiff does not allege that her son was critically injured or killed. Accordingly, the plaintiff's claim for negligent infliction of emotional distress is dismissed.

The plaintiff further alleges a violation of 15 U.S.C. § 1001, which involves prize-fight films as subjects of interstate or foreign commerce. As the plaintiff has not alleged any facts

relating to prize-fighting in her complaint, this claim is dismissed.

Finally, the plaintiff alleges a claim under the False Statements Accountability Act of 1996.  18 U.S.C. § 1001.  This Act criminalizes knowingly making a false statement in certain governmental proceedings.  This statute does not provide for a private civil cause of action.  <u>Fed. Sav. and Loan Ins. Corp. v. Reeves</u>, 816 F.2d 130, 138 (4th Cir. 1987).  Accordingly, this claim is dismissed.

## V.  <u>Conclusion</u>

For the reasons stated above, this Court finds that plaintiff's motion for leave to file an amended complaint must be DENIED; plaintiff's motion for remand and for sanctions must be DENIED; defendant Smith's motion to dismiss must be GRANTED; defendants Randolph, Lucas, and Main Street Financial Service Corp.'s motion to dismiss must be GRANTED; defendants Criswell, Gessler, and the City of Wheeling's motion to dismiss must be GRANTED; defendant Turak is DISMISSED WITHOUT PREJUDICE; and John Doe I is DISMISSED WITHOUT PREJUDICE.  Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, she is ADVISED that she must file a notice of appeal with the Clerk

of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    June 10, 2010


                                   /s/ Frederick P. Stamp, Jr.
                                   FREDERICK P. STAMP, JR.
                                   UNITED STATES DISTRICT JUDGE